# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Dixie Renee Brown ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| Empire Financial Inc. ) | |
| ) | |
| Serve Registered Agent at: ) | |
| David N. Holstead ) | |
| 5100 SW 10th St. ) | |
| Topeka, KS 66604 ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| Equifax Information Services, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| Corporation Service Company ) | |
| 2900 SW Wanamaker Dr., Suite 204 ) | |
| Topeka, KS 66614 ) | |
| ) | |
| Defendant, ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Dixie Renee Brown, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in her Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Dixie Renee Brown against Empire Financial, Inc. and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

1

## JURISDICTION AND VENUE

1.     Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2.     Venue in this Court is proper in that both Defendants transact business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3.     Dixie Renee Brown (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Kansas.

4.     Defendant Empire Financial, Inc., hereafter ("**Defendant Empire**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, David N. Holstead, 5100 SW 10th St., Topeka, KS 66604.

5.     Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Corporation Service Company, at 2900 SW Wanamaker Dr., Suite 204, Topeka, KS 66614.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.     On March 12, 2009, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas, Case No. 09-20637.

7.     Plaintiff proposed to discharge the unsecured debt owed to Auto Finance Center of Kansas City, who financed the loan through Defendant Empire.

8. Both Auto Finance Center of Kansas City and Defendant Empire share the same address of 8325 State Ave., Kansas City, KS 66112, which is where all bankruptcy notices were sent.

9. Defendant Empire did not object to the treatment of discharging the debt.

10. Plaintiff received her discharge on June 6, 2014.

11. The Certificate of Service of the Discharge Order showing Defendant Empire received notice of Plaintiff's Discharge is attached as Exhibit A.

12. On or about October 13, 2014, Plaintiff requested and reviewed her credit reports from TransUnion, Equifax and Experian.

13. Plaintiff became aware that Defendant Empire was misreporting information on her Equifax credit report.

14. Defendant Empire was reporting incorrectly on Plaintiff's credit report that there was an outstanding balance of $5,865.00 and a past due amount of $7,534.00.

15. On December 1, 2014, Plaintiff sent a letter with her bankruptcy information to Equifax disputing Defendant Empire's incorrect reporting in accordance with 15 U.S.C. § 1681i.

16. A copy of Plaintiff's dispute letter is attached as Exhibit B.

17. The Equifax sent a Consumer Dispute Verification to Defendant Empire as required by 15 U.S.C. § 1681i.

18. Defendant Empire failed to correct the balance reported on Plaintiff's Equifax credit report.

19. Despite the receipt and knowledge of Plaintiff's dispute letter, Defendant Empire was still willfully misreporting to Equifax an outstanding balance of $5,865.00 and a past due amount of $7,534.00.

20. Plaintiff's incorrect Equifax credit report is attached as Exhibit C.

21. Defendant Empire's failure to conduct a reasonable investigation of Plaintiff's account, as reported to Equifax, was a substantial factor causing Plaintiff emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

22. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## DEFENDANT EMPIRE
## VIOLATIONS OF THE FCRA

23. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

24. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

25. Defendant Empire qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

26. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

27. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

28. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the

CRAs. 15 U.S.C. § 1681i.

29. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

30. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

31. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

32. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

33. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

34. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

35. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for

costs and attorney fees.  15 U.S.C. § 1681n.

36. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

37. After receiving notice of Plaintiff's dispute letter from Equifax, Defendant Empire should have conducted a reinvestigation and properly updated the information reported on Plaintiff's account to Equifax, but failed to do so.

38. As a result of the actions of Defendant Empire, Plaintiff suffered damages including emotional distress and frustration.

39. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

40. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

41. Defendant Empire was notified by Equifax of Plaintiff's dispute letter requesting a reinvestigation that it was reporting inaccurate information on Plaintiff's credit report.

42. Defendant Empire elected to ignore that information it received, failed to do a reasonable reinvestigation and refused to correct Plaintiff's Equifax credit report.

43. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available

information.

44. Defendant Empire knew it was required by law to have reinvestigation procedures and protocols in place to conduct a reinvestigation of Plaintiff's account information and Defendant Empire's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account constitutes willful, conscious and reckless disregard for Plaintiff's rights, including those under the FCRA.

45. Defendant Empire's failure and refusal to conduct a reasonable investigation and correct the information Defendant Empire is furnishing to Equifax concerning Plaintiff's account constitutes a willful violation of the FCRA.

46. Defendant Empire fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

47. This failure and refusal is compounded by Defendant Empire's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiff and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Empire in such sum as will deter Empire and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

48. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

49. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

50. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

51. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's disputes to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the disputes of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   e. Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

   f. Willfully and negligently failing to note Plaintiff's disputes of the inaccurate information and in subsequent consumer reports, in violation of

15 U.S.C. §1681i(c);

g. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff;

h. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

i. Willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

j. Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

52. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Defendant Equifax and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dixie Renee Brown respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Removal of all misreported information from Plaintiff's Equifax credit report;

f. For such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/* Chelsea S. Springer

Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO  64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiff